## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID L. HICKMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0042** (BOR Appeal No. 2050642)
(Claim No. 2015008636)

**THE CARSWELL GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David L. Hickman, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Carswell Group, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed a July 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 22, 2014, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hickman allegedly sustained an injury on September 15, 2014, when he was cleaning a trash chute. Mr. Hickman walked out of the building and slipped on a piece of plywood that was acting as a makeshift ramp. Mr. Hickman says he hit his head on metal railing in the doorway and sustained injuries to his head, back, arm, and wrist. He exclaimed "Man, I hit my head," and then blacked out. He was taken by ambulance to Welch Community Hospital. After telling his story to the medical staff, the clinical impression was a mild contusion to the head, left elbow, and left wrist. All X-rays and CT scans taken were negative for any type of fracture. He was given a work release slip through September 18, 2014.

1

On that same day, another maintenance technician, Terry Blankenship, was present in the room when Mr. Hickman allegedly fell. Mr. Blankenship wrote in a statement that he heard Mr. Hickman say he hit his head and then watched him walk to the doorway. Mr. Hickman sat down, lay back, and asked for assistance.

On September 17, 2014, Mr. Hickman went to Bluefield Regional Medical Center. The report shows Mr. Hickman did not trust the medical attention he received at Welch Community Hospital. Based on his account of what happened, the impression was cervical strain, thoracic myofascial strain, lumbosacral strain, and left forearm contusion. X-rays and CT scans showed no evidence of fractures, hemorrhages, or hematomas. The soft tissues were unremarkable. A contusion and swelling were noted on his left forearm. On October 6, 2014, Mr. Hickman went to Tug River Associates because he was told to follow-up with his primary care physician. Based on his story the assessment was post-concussion headache, numbness and tingling in the left leg, and muscle spasms of the neck.

On December 22, 2014, the claims administrator rejected the claim because the investigation had revealed sufficient contradictions and inconsistencies to conclude Mr. Hickman was not injured in the course of and resulting from his employment. Facts they mentioned as pertinent were continuing to seek medical treatment when he had received a release to return to work. He did not return to work. Also, he was the subject of a disciplinary action and was coincidently under scrutiny immediately prior to the injury.

On March 19, 2015, Mr. Hickman testified in a deposition that he slipped on a piece of plywood, fell back, exclaimed that he hit his head, and then passed out. He also stated that Mr. Blankenship came over to kick him and told him to get up. When asked if he was standing at the time he hit his head, Mr. Hickman denied it. However, Mr. Blankenship's affidavit states that he heard Mr. Hickman exclaim that he hit his head. Mr. Blankenship states that he saw Mr. Hickman walk to the door, sit down, and then lay back. In an affidavit, Patricia Tignor, the Site Manager, stated that Mr. Blankenship relayed the same story to her on the day of the incident. She also noted that Mr. Hickman was under scrutiny for several work-related problems. Ms. Tignor stated that she saw Mr. Hickman walk into the facility after his injury using a cane. Upon exiting the building, Ms. Tignor saw Mr. Hickman pick up the cane and carry it. Tami Keen, the property manager, also testified in a deposition. She stated that Mr. Hickman had recently been written up several times. She was going to follow up with a problem she had been experiencing with Mr. Hickman on the day of the incident. Ms. Keen had also seen Mr. Hickman after the incident. On one instance she observed Mr. Hickman carrying his cane two inches above the ground. Another time she watched him walking without the assistance of a cane. Further, Thomas C. Carle of the Occupational Safety and Health Administration dismissed a complaint filed by Mr. Hickman after an investigation showed that Mr. Hickman failed to produce evidence supporting his allegations.

The Office of Judges affirmed the claims administrator's decision rejecting the claim. The Office of Judges found that a preponderance of the evidence did not support holding the

2

claim compensable. It found the stories provided were inconsistent and not credible. Especially incredible was Mr. Hickman's statement in a deposition that Mr. Blankenship had kicked him and told him to get up. Additionally, there was no medical evidence to prove that Mr. Hickman had lain unconscious on the floor. It was also difficult to believe that Mr. Hickman could have been knocked unconscious but then come to long enough to say he hit his head. An investigation by the Occupational Safety and Health Administration led them to believe that Mr. Hickman provided multiple variations of the story which he could not back up with evidence. One such variance was that Mr. Hickman claimed his leg was numb but shouted in pain when an EMT touched his leg. The Occupational Safety and Health Administration dismissed his complaint. The Office of Judges ultimately found that Mr. Hickman's story was simply not credible and concluded he did not suffer a compensable injury. The Board of Review affirmed the Order of the Office of Judges.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence is rife with contradictions as to what actually occurred to Mr. Hickman on the day of the alleged injury. Mr. Hickman alleges that he slipped and fell backwards while Mr. Blankenship stated that he watched Mr. Hickman sit down and lay back after claiming he hit his head. Mr. Hickman claims going in and out of consciousness after the injury but none of the medical records corroborate that story. After seeking medical evaluations at multiple facilities, Mr. Hickman alleged his injuries were as significant as blunt force trauma and brain injuries, yet no diagnosis on the record supports such allegations. Mr. Hickman never returned to work after receiving a release to return to work. His fall was coincidently while he was under scrutiny for disciplinary reasons. Finally, the Occupational Safety and Health Administration also found that his report of events was not supported by evidence and his complaint was dismissed. The record demonstrates that Mr. Hickman failed to meet his burden and provide reliable and credible evidence supporting his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II